UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EFD SPORTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-87 |
| | § | |
| BALLY'S CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Bally's Corporation hereby removes the above-styled case from the District Court for Denton County, Texas, Cause No. 23-10253-431, to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. Based on the allegations asserted by Plaintiff EFD Sports LLC, removal is appropriate, as complete diversity exists between the parties and more than $75,000 is in controversy. As grounds for removal, Defendant respectfully states as follows:

## INTRODUCTION

1.  On November 3, 2023, Plaintiff commenced this action in the District Court for Denton County, Texas, alleging that the Defendant breached a verbal contract reflected in two unexecuted statements of work. Plaintiff also asserts claims under the legal theories of quantum meruit, negligent representation, and fraud in the inducement.

2.  Defendant filed an answer in state court denying all allegations asserted against it on January 30, 2024.

3.  Plaintiff is a resident of Texas; Defendant is a Delaware corporation with its principal place of business in Providence, Rhode Island. Defendant does not do business in Texas

and does not have a registered agent in the State of Texas. Accordingly, Plaintiff served the Texas Secretary of State by certified mail. Defendant received notice of the citation from the Secretary of State on January 2, 2024.

4. Defendant has filed this Notice of Removal within thirty (30) days of when it received notice of the Summons and Complaint from the Texas Secretary of State; thus, removal is timely under 28 U.S.C. § 1446(b). *See Baum v. Avado Brands, Inc.*, Civil Action No. 3:99-cv-0700G, 1999 WL 1034757 at *2 (N.D. Tex. 1999) ("the thirty-day period begins to run when the defendant actually received service, not when service is effected up on the Secretary of State"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999); .

5. As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, Defendant has attached to this Notice "a copy of all process, pleadings, and orders served upon" it, which comprise the complete state court file.

6. As discussed above, and as set forth more fully below, this Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1446(b) because: (1) there is complete diversity of citizenship between Plaintiff and the Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) the Defendant has satisfied all necessary procedural requirements.

## BASIS FOR REMOVAL

7. Title 28 U.S.C. § 1441(a) controls the circumstances in which a party may remove a state civil action to a United States District Court, and provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Pursuant to 28 U.S.C. § 1332(a), United States District Courts maintain original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum of $75,000.

9. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**A.      Diversity of Citizenship is Satisfied.**

10. Plaintiff is a resident and citizen of the State of Texas.  (*See* Pet. ¶1.1).

11. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters.  (*Id.*)

12. Defendant is Delaware corporation with its headquartered in Providence, Rhode Island.  (*See* Pet. ¶1.2). For the purposes of diversity jurisdiction, Defendant is a citizen of Delaware and Rhode Island.

13. Therefore, no defendant is a citizen of Texas.  *See Hertz*, 559 U.S. at 93 (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

14. Accordingly, the requisite diversity of citizenship exists.  *See* 28 U.S.C. § 1332(c).

**B.      The Amount in Controversy Requirement is Satisfied.**

15. As the Fifth Circuit has held, "[d]iversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds

$75,000." *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003).  "This burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."  (*Id*.)

16. Pursuant to Rule 47 of the Texas Rules of Civil Procedure Plaintiff's Original Petition expressly states:  "Plaintiff seeks monetary relief over $1,000,000.00 and other relief." (*See* Pet. at p. 1).  As such, Plaintiff's pleading establishes the amount in controversy in this action exceeds $75,000.

17. Removal is therefore appropriate in this case.

## CONCLUSION

There is complete diversity between the parties because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Rhode Island, and the damages Plaintiff seeks exceed the $75,000 jurisdictional minimum.  Therefore, removal to this Court is appropriate.

Respectfully submitted,

*/s/ Blake A. Bailey*
BLAKE A. BAILEY
State Bar No. 01514700
PHELPS DUNBAR LLP
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092-7626
(817) 305-0332 (phone)
(817) 488-3214 (facsimile)
blake.bailey@phelps.com

**ATTORNEYS FOR DEFENDANT BALLY'S CORPORATION**

**CERTIFICATE OF SERVICE**

   On this 31st day of January, 2024, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court.  Accordingly, I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure 5(b)(2).

                    */s/ Blake A. Bailey*
                     Blake A. Bailey