FILED: 11/3/2023 4:18 PM
David Trantham
Denton County District Clerk
By: Alisha Rivera, Deputy

CAUSE NO. <u>23-10253-431</u>

| | | |
|---|---|---|
| **EFD SPORTS, LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **BALLY'S CORPORATION** | § | |
| | § | |
| **Defendant.** | § | **DENTON COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff in the above entitled and numbered cause of action and files its Original Petition and would respectfully show unto the Court as follows:

<u>**RULE 47 STATEMENT OF DAMAGES**</u>

Plaintiff seeks monetary relief over $1,000,000.00 and other relief.

Plaintiff reserves the right to amend damages amounts, as discovery continues and damages increase.

**I**. <u>**THE PARTIES**</u>

1.1     Plaintiff EFD SPORTS, LLC ("EFD") is a Texas Limited Liability Company with its primary place of business at 2508 Juniper Ln., Northlake, TX 76226-3260, and may be served via his counsel of record in this case.

1.2     Defendant BALLY'S CORPORATION ("Bally's") is an Delaware Corporation and may be served via the Texas Secretary of State at its principal place of business located at 100 Westminster Street, Providence, RI 02903.  Upon information and belief, Defendant is not registered as a foreign corporation to do business in the State of Texas.

Original Petition, Page 1

**EXHIBIT C**

## II. JURISDICTION AND VENUE

2.1    Jurisdiction is proper in this Court as this lawsuit is seeking damages in excess of the minimum jurisdictional limits of the district courts of the state of Texas.

2.2    Venue is proper in Dallas County, as a substantial portion of the acts and omissions giving rise to Plaintiff's claims occurred in Dallas County.

## III. FACTS

3.1    Wes Elliott is a Texas resident who owns EFD Sports, LLC.  EFD Sports, LLC developed and owns technology known as "StrikeTec".  EFD Sports, LLC is a Texas Limited Liability Company located in Denton County, Texas.

3.2    StrikeTec is proprietary technology owned by EFD Sports, LLC that integrates software and hardware into sensors worn by fighters, both in boxing and MMA, which allows the measurement and analysis of strikes and strike force generated by the puncher either during training or during a fight.  The devices have historically been marketed to gyms, trainers, and fighters in the consumer market to assist with training, along with providing on-screen real time punch stats for a broadcasted boxing or mma match as shown on DirecTV.

3.3    Soo Kim, is the CIO of Standard General, L.P.  Standard General, L.P. is the largest shareholder for Bally's Corporation.  Soo Kim is on the Board of Directors for Bally's Corporation and at one time acted as Chairman.

3.4    On February 20, 2021, Soo Kim sought out Wes Elliott (in Texas) via Linked-In on behalf of Bally's Corporation as Chairman of the Board to inquire about StrikeTec and its applications.  Soo Kim stated that he had found StrikeTec on the internet.

3.5     Bally's Corporation was interested in StrikeTec for the purpose of integrating the technology and devices into an existing application used for sports betting known as Monkey Knife Fight.  Monkey Knife Fight was acquired by Bally's in early 2021. The concept would allow expanded and live arena and application based betting during live fights broadcast by various Bally's media based on the measurements taken by StrikeTec during the fights.

3.6      On May 11, 2021, Wes Elliott is introduced to Ballys team lead Adi Dhandhania, former COO of Ballys Corp, to begin discussions on a proof of concept for Ballys, to take place on June 9, 2021.

3.7     StrikeTec created a proof of concept event with Bally's Corporation, whom at that time had also partnered with boxer Oscar De'La Hoya's, Golden Boy Promotions.

3.8     On June 7, 2021, EFD Sports, LLC was offered a partnership opportunity with EntroBox, LLC for marketing and development of StrikeTec technology to combat sports consumers and via retail to IOS and Android technology users.

3.9     EntroBox, LLC, led by J3G Global's James Wilent and World Champion boxer Ronald Johnson, had developed a broad market and influence in the combat sports market, to include promotion of live boxing events and entertainment through both digital and network tv distribution.  Entrobox, LLC signed a multi-year partnership with media conglomerate Sinclair Broadcast Group, Inc. and secured Logan Paul, one of the world's most well-known influencers in the world, to its roster.

3.10    The EntroBox, LLC deal was worth approximately $3,000.00.00 to EFD Sports, LLC. To include consumer marketing with Youtuber Logan Paul and brother Jake Paul.

3.11    On June 9, 2021, Wes Elliott travelled to California to work on the Ballys Fight Night broadcast which would be the proof of concept for the StrikeTec technology and fight sensors.

3.12    With the proof of concept proving to be a workable integration and viable product for Ballys, Wes Elliott met with Soo Kim and Adi Dhandhania on June 24, 2021 to negotiate a deal.  At that meeting, the parties agreed to the venture and Soo Kim requested a Scope of Work ("SOW1") from EFD Sports, LLC.

3.13    Wes Elliott was told that all of his resources would need to be allocated to the Ballys/StrikeTec project until completion, and required exclusive commercial use.

3.14    On July 1, 2021, Wes Elliott sent a Scope of Work to Soo Kim, who then forwarded the Scope of Work to Adi Dhandhania's team, as Adi necessarily hired new employees for the project.  The budget for the project that was proposed was $10,000,000.00.

3.15    On July 13, 2021, Soo Kim agreed to the Scope of Work stating "We are committed, and are willing to commit the budget you are asking for to get it done."  Further, Soo Kim indicated that Ballys preferred to budget each element (phase) and not to write a large check up-front, but pay as they go.  Soo Kim also wanted to provide marketing assistance for the consumer side as all of EFD Sports, LLC efforts would be towards the Ballys project.

3.16    On July 14, 2021, Soo Kim communicated that a manager would be assigned to work with Wes Elliott to market the consumer product.  Based on representations and promises by COO of Ballys Adi Dhandhania, EFD Sports, LLC was told that they could not enter into the partnership with EntroBox, LLC for reasons that the Ballys Agreement was nonexclusive.  Wes Elliott dedicated workers to start the process of meeting the Scope of Work deadlines.

3.17    On August 9, 2023, the parties met via Zoom.  Wes Elliott, Soo Kim, and Sini Miri were on the Zoom call.  Sina Miri was part of Adi's innovation team.  Sina Miri wanted to meet with Wes Elliott to discuss breaking down the original Scope of Work ("SOW1") into budgeted phases as previously expressed by Soo Kim.  The parties discussed revisions to the SOW and discussed technology issues.

3.18    On August 10, 2023, Wes Elliott circulated a second Scope of Work ("SOW2") breaking down each phase into more specific tasks and assigning a value.  The completion of Phase 1, for instance, was budget at $2,000,000.00.  EFD Sports, LLC began work on Phase 1 to meet the requirements for a November 2021 Boxing event as discussed with Adi Dhandhania.

3.19    In September of 2021, a Technology Licensing Agreement was presented to EFD Sports, LLC provided by new employee Sina Miri that was substantially different and contradicted the previously agreed terms contained in SOW2.  Adi Dhandhania also expressed concerns with employee Sina Miri's version of the Technology Licensing Agreement stating that the language needs to change back to original agreement.

3.20    On September 29th, 2021, Adi, Sina, Wes and EFD Sports LLC's attorney Dave Steiner met via Zoom call to clarify any final changes and all agreed to the discussed changes. Bally's asked Dave Steiner to continue the formation of the Technology Licensing Agreement to allow use of technology in November event. EFD Sports, LLC's employees are located in Texas and the sensors are manufactured in Texas.

3.21    On October 1, 2021, Bally's team Adi Dhandhania and Sina Miri received final Technology Licensing Agreement as discussed on September 29, 2021 Zoom call from Dave Steiner. Sina Miri expressed that the team was traveling overseas for a conference and would have newly hired employee and brother Sam Miri who would be assigned as new team manager.

3.22    On November 10, 2021, Sam Miri acknowledged previous agreement, but stated he did not have time at the moment to continue with the Technology license.  However, he would report with the team about payment for work completed under SOW2.

3.23    On November 26, 2021, Soo Kim emailed Wes Elliott and stated that Ballys would not be moving forward with the project, although Soo Kim did not understand why his team was so far apart regarding the Licensing Agreement because Soo Kim and Wes Elliott agreed to a simple framework.

## IV. <u>CAUSES OF ACTION</u>

4.1    All causes of actions herein below, to the extent necessary, are pled in the alternative pursuant to Texas Rule of Civil Procedure 48.

### <u>First Cause of Action—Breach of Contract.</u>

4.2    Plaintiff and Defendant came to an agreement via SOW1 and SOW2.  That agreement constituted a contract to perform services and sell sensors to Ballys in exchange for approved budgeted amounts along the Phases of completion.

4.3    Plaintiff began performing pursuant to the contract and Ballys knew and accepted Plaintiff's work on the project.

4.4    Plaintiff invoiced Defendant for Phase 1 of the project.

4.5    Defendant failed to pay the agreed budgeted amount for Phase 1.

4.6    Defendant breached the contract by failing to pay amounts owed when due. Defendant further breached the contract by terminating same despite accepting work performed by Plaintiff.

4.7    Plaintiff was damaged as a result of Defendant's breaches.

**Second Cause of Action— Quantum Meruit**

    4.8    Plaintiff provided valuable materials or services.

    4.9    The services or materials were provided for the Defendant.

    4.10    Defendant accepted the services or materials.

    4.11    Defendant had reasonable notice that the plaintiff expected compensation for the services or materials.

**Third Cause of Action- Negligent Representation.**

    4.12    Defendant made a representation "in the course of his business" or in pursuit of a transaction where Defendant had a personal financial interest by stating Defendant approved the SOW1 and SOW2 budgets, requiring Plaintiff abandon other deals, and inducing Plaintiff to begin and complete work on the Project.

    4.13    Defendant supplied false information as Defendant knew it would seek to change the terms and not pay for the project as agreed and continued to make promises to guide and affect Plaintiff's business.

    4.14    Defendant failed to "exercise reasonable care" in making their promises related to payment and performance for the Project.

    4.15    Plaintiff suffered a financial loss due as Plaintiff justifiably relied on Defendant's statements.

**Fourth Cause of Action- Fraud/Fraud in the Inducement**

    4.16    Defendant made representations and or failed to disclose material facts to Plaintiff to induce Plaintiff to expend resources, abandon business opportunities, and work under SOW1 and SOW2.

4.17    Defendant agreed to the terms of the Licensing Agreement but never intended to enter into same.

4.18    Plaintiff relied on the misrepresentations made by Defendant to its detriment.

4.19    Plaintiff was damaged by Defendant.

## ATTORNEYS FEES

5.1    Plaintiff seeks attorney's fees pursuant to Texas Civil Practice and Remedies Code §38.001.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon final hearing that Plaintiff have such other and further relief general and special, legal and equitable to which Plaintiff may be justly entitled, including but not limited to:

1) Actual damages;

2) Special damages

3) Consequential damages;  and

4) Reasonable and necessary attorney's fees, costs, and for the recovery of pre and post judgment interest as may be provided for by law.

Respectfully submitted,

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.
Texas State Bar No. 24025466
dkaiser@attorneysforbusiness.com


**KAISER LEGAL SOLUTIONS, PLLC**
5440 Harvest Hill Road
Suite 201
Dallas, Texas 75203
(214) 441-3000
(214) 441-3001 (fax)

**COUNSEL FOR PLAINTIFF**