UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **EFD SPORTS, LLC** | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-87-SDJ |
| | § | |
| **BALLY'S CORPORATION** | § | |

### REPLY TO OPPOSITION OF MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff in the above entitled and numbered cause of action and files its Motion for Leave to File Plaintiff's Second Amended Complaint, and would respectfully show unto the Court as follows:

### I. MOTION FOR LEAVE

1.1    Plaintiff seeks leave to file its Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Plaintiff conferred with counsel for Defendant prior to filing this Motion.  Counsel for Defendant believes the Second Amended Complaint would be futile given the Motion to Dismiss and therefore opposes the request for leave.

1.2    Defendant's Opposition demonstrates that Leave to File the Second Amended Complaint should be Granted as Defendant claims that regardless of the Amendment, the Second Amended Complaint would not save Plaintiff from dismissal.  Defendant states the filing is "futile".

1.3    In other words, Defendant admits that it would not be prejudiced by the Second Amended Complaint and in fact both in its Reply to Plaintiff's Response to Motion to Dismiss

and in its Opposition to the Motion for Leave points to claims and evidence attached to the Motion to further its argument for dismissal.

1.4     Plaintiff takes issue with on particular claim made by Defendant related to Wes Elliot's email at Exhibit 5. [ECF No. 18 at p. 53, Exhibit 5]. Wes states to Soo Kim that "nobody seems to know what we agreed or didn't agree upon". Defendant argues that this statement proves no meeting of the minds. To the contrary, Wes Elliot is simply referencing the fact that Soo Kim and Wes Elliot did come to an agreement as alleged in the Second Amended Complaint and that Sam Miri, and others were attempting to change the terms, as alleged in the Second Amended Complaint. The statement is not dispositive of meeting of the minds, but in fact supports Plaintiff's allegation that an agreement was reached prior to Bally's backing out of the Agreement. Regardless, this is a factual determination left for the fact finder.

1.5     Furthermore, additional proof of the Agreement is found by Bally's statement it was willing to "release" Plaintiff and that Sam Miri would get with his team about payment for work provided under the SOW(s). If there was no Agreement, there would be no need to release Plaintiff from any obligations and no statement for Sam Miri about payment. No payment was ever received.

1.6     In conclusion, Defendant argues that the Second Amendment of the Complaint is futile and does not change their argument for dismissal. On this logic, then there is no reason to deny Leave for the Amendment. Defendant will not be prejudiced. Furthermore, the Second Amended Complaint provides statements made by the Defendant and the terms of the agreement for context, including some of the who, what, when, of the agreement(s), the fraudulent statements, and the timeline for events in this case that provides context and support for the Plaintiff's claims. The parties have now exchanged initial disclosures including documents and

recordings of phone conversations that further supports Plaintiff's claims. Defendant's documents, which were not available previously, supports Plaintiff's claims, including internal communications never before disclosed.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that the Court find that justice so requires this Court to GRANT Plaintiff's Motion for Leave to file Plaintiff's Second Amended Complaint and direct the filing of same.

Respectfully submitted,

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.
Texas State Bar No. 24025466
dkaiser@attorneysforbusiness.com

**KAISER LEGAL SOLUTIONS, PLLC**
5440 Harvest Hill Road
Suite 201
Dallas, Texas 75203
(214) 441-3000
(214) 441-3001 (fax)

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that, on May 20, 2024, a true and correct copy of this document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.