UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EFD SPORTS, LLC,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §     CIVIL ACTION NO. 4:24-CV-87-SDJ |
| BALLY'S CORPORATION,<br>    *Defendant.* | §<br>§<br>§ |

**DEFENDANT BALLY'S CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff has filed another Motion to Amend its Pleadings, before the Court has determined its prior motion to amend. [ECF No. 18] Defendant Bally's Corporation opposes Plaintiff's new motion seeking leave to file a third amended complaint [ECF No. 28] as futile because it fails to correct any of the defects from Plaintiff's First or Proposed Second Amended Complaint, demonstrates that such defects cannot be cured, and seeks to add parties over which the Court has no personal jurisdiction and against whom no claim is stated, and would only cause unnecessary delay and expense. Plaintiff's Proposed Third Amended Complaint fails to assert a plausible cause of action and would be subject to dismissal under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Accordingly, Plaintiff's Motion should be denied.

**PROCEDURAL HISTORY**

1. Plaintiff filed its Original Petition in the 431st Judicial District Court of Denton County, Texas on November 3, 2023, asserting causes of action after Bally's terminated negotiations of a potential contract with EFD Sports. [ECF No. 2].

2. Defendant removed the case on January 31, 2024. [ECF Nos. 1, 7].

3. On February 13, 2024, this Court entered its Order giving the Plaintiff thirty days to file an amended complaint to meet the pleading requirements which now apply based on the Federal Rules of Civil Procedure. [ECF No. 9].

4. Plaintiff filed its First Amended Complaint on March 15, 2024. [ECF No. 10].

5. Defendant filed its First Amended Answer and Motion to Dismiss along with its Brief in Support on April 3, 2024. [ECF Nos. 11 & 12].

6. In response to the motion to dismiss, Plaintiff filed its Second Amended Complaint [ECF No. 14] followed by its Response to the Motion to Dismiss [ECF No. 15].

7. The Court struck Plaintiff's Second Amended Complaint without prejudice to seeking leave to amend on April 26, 2024, because it was filed in violation of FED. R. CIV. P. 15. [ECF No. 17].

8. Plaintiff then moved for leave to file its Second Amended Complaint on April 29, 2024. [ECF No. 18]. Defendant filed its opposition on May 13, 2024. [ECF No. 25].

9. Although Plaintiff's motion for leave to file its Second Amended Complaint remains pending, Plaintiff has now moved for leave to file a Third Amended Complaint, adding three new parties to the suit and seemingly two new causes of action. [ECF No. 28].

10. Plaintiff's Proposed Third Amended Complaint fails to provide a sufficient factual or legal basis to establish essential elements of the new or prior causes of action asserted. It also fails to plead jurisdiction over the proposed new defendants and this Court does not have personal jurisdiction over any of the new defendants rendering the new causes of action futile.

## ARGUMENT AND AUTHORITIES

Plaintiff's Proposed Third Amended Complaint (the "Proposed Complaint") fails to state a claim that is plausible on its face as none of the defects present in its Proposed Second Amended

Complaint have been remedied. Further, the new causes of action Plaintiff seeks to assert are futile because they seek to join defendants over which the Court does not have personal jurisdiction, and they fail to meet the pleading standards of Rules 9(6) and 12(b)(6). Because Plaintiff's Proposed Complaint fails to remedy the pleading defects present in its last Motion for Leave and seeks to assert insufficiently pled claims against individuals that are not subject to this Court's jurisdiction, the Proposed Complaint is futile and leave to file it should be denied.

## I. *Plaintiff's Added Defendants are not Subject to this Court's Jurisdiction*

Plaintiff's Proposed Complaint seeks to assert new causes of action against three new individual defendants, Sina Miri, Sam Miri, and Adi Dhandhia. Plaintiff asserts in its Proposed Complaint that Sina and Sam Miri are both residents of California and Adi Dhandhia is a resident of Massachusetts. Plaintiff fails to plead any basis for asserting personal jurisdiction over these defendants in Texas. For this reason alone, the Court should deny Plaintiff's Motion for Leave.

A federal court may exercise personal jurisdiction over a nonresident defendant only if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising jurisdiction is consistent with due process. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *see Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). The Texas long-arm statute confers jurisdiction to the limits of due process, so the "inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Federal due process permits personal jurisdiction over a nonresident defendant with "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of fair play and substantial justice." *Id*. "Minimum contacts" can be established through "contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). A single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, Plaintiff makes no effort to assert any basis for this Court to have personal jurisdiction over any of the newly proposed defendants. None of whom conducted activities in their individual capacity in Texas, and none of whom were involved in the proposed business deal outside of their capacity as employees of Defendant Bally's. Therefore, exercising jurisdiction over these individual California and Massachusetts residents would violate federal due process.

Further, the new causes of action Plaintiff seeks to assert are only against the newly named defendants. Because the individuals are not subject to personal jurisdiction in this Court and Plaintiff has pleaded no basis to support over these defendants, the newly proposed causes of action add nothing to the existing claims against Bally's. [ECF No. 25].

## II.     *Plaintiff's Motion for Leave is Futile*

An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "To avoid

dismissal [under Rule 12(b)(6)], a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Defendant fully briefed the standard for a motion for leave to amend in its prior Opposition. [ECF No. 25, pg. 3]. Plaintiff now seeks to plead two new causes of action against these newly added defendants, both of which are insufficiently pled. In addition, Plaintiff has not cured the defects of its First Amended Complaint upon which Bally's moved to dismiss.

### A. *Plaintiff's Conspiracy Cause of Action is Not Sufficiently Pled*

Plaintiff attempts to add a cause of action for civil conspiracy to commit fraud. [ECF No. 28, ¶5.18]. However, because Plaintiff's Proposed Complaint has not remedied the pleading defects of its Negligent Misrepresentation and Fraud claims, it has likewise failed to sufficiently plead a cause of action for conspiracy to commit fraud. "The particularity requirement of Rule 9(b) also governs a conspiracy to commit fraud." *Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, 238 F.Supp.3d 799, 817 (S.D. Tex. 2017); *see also Hernandez v. Ciba-Geigy Corp. USA*, 2000 U.S. Dist. LEXIS 23351, at *4 (S.D. Tex. Oct. 17, 2000) ("The weight of the Fifth Circuit precedent holds that a civil conspiracy to commit a tort that sounds in fraud must be pleaded with particularity."). Thus, Plaintiff's Conspiracy claim fails to meet the heightened pleading requirements of Rule 9(b) or the requirements of Rule 12(b)(6).

Plaintiff has attempted to plead a cause of action for conspiracy to commit fraud via representation and omission and through negligent misrepresentations. [ECF No. 28, ¶5.18]. Plaintiff, however, has failed to plead the particulars for such fraud—the time, place, and contents of the fraudulent statements—as required by Rule 9(b). *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). Plaintiff instead makes a generalized pleading alleging conspiracy without the specific information to meet the particularity requirements of Rule 9(b).

Additionally, Plaintiff fails to meet the pleading standard of Rule 12(b)(6) because Plaintiff fails to plead that two or more individuals conspired together—with each of the individuals being a distinct entity. A civil conspiracy charge may only be brought when the two or more persons are each distinct entities. *Hinjosa v. Guidant Corp.*, 2005 U.S. Dist. LEXIS 32380, at *4-5 (S.D. Tex. Sept. 7, 2005). Parent and subsidiary corporations, are sometimes considered indistinguishably integrated, as are **employers and employees**. *Id.* (emphasis added). Here, the individual defendants complained of were all employees of Bally's Corporation during the time of the alleged conspiracy acts and are alleged to be acting on behalf of Bally's in their capacity as employees. Therefore, they cannot be considered independent entities and Plaintiff fails to plead an essential element of its Conspiracy cause of action—the two or more persons requirement.

### B. Plaintiff's Claim for Tortious Interference with Contract/Prospective Relations is not Supported

#### i. Tortious Interference with Contract

Plaintiff's Proposed Complaint fails to plead facts sufficient to establish the essential elements for tortious interference with a contract. The very first element of which is the existence of a valid contract. *Cmyt. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017). Defendant has outlined in its prior motions that there was no valid contract in existence between the parties. *See* ECF Nos. 12 & 25.

In addition, Plaintiff would also have to plead facts sufficient to establish the essential element "that the defendant willfully and intentionally interfered with the contract." *Hansen*, 525 S.W.3d at 689. However, "[n]ot every act which interferes with another's contract relations is tortious." *Caller-Times Pub. Co., Inc. v. Triad Commc'ns, Inc.*, 855 S.W.2d 18, 21 (Tex. App.—Corpus Christi-Edinburg 1993). "To prove the willful and intentional interference element of a tortious interference claim the plaintiff must show that the defendant was legally capable of

tortious interference." *Hansen*, 525 S.W.3d at 690. There must also be evidence that the intervenor induced a contracting party into breaching the contract. *El Paso Healthcare Sys., Ltd. v. Murphy*, 518 S.W.3d 412, 421-22 (Tex. 2017). While a terminable-on-notice or terminable-at-will contract may be subject to interference, ordinarily, merely inducing a contract obligor to do what it already has a right to do is not actionable interference. *ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

Here, there was no valid contract in place between the parties. There was never a signed agreement in place and the SOW exchanged between the parties was still being revised. Such continuing revision and failure to reach a meeting of the minds is pleaded throughout Plaintiff's Proposed Complaint. *See* ECF No. 28, ¶¶3.24 & 3.26.

Further, evidence that the potential new defendants induced a contracting party into breaching the agreement is also an essential element of the tortious interference claim. With no valid contract, it is impossible for Plaintiff to assert a cause of action for tortious interference because no Defendant could have induced a breach.

        ii.    *Tortious Interference with Prospective Business Relations*

Two of the essential elements of Plaintiff's tortious interference claim are that (i) the defendant acted with a conscious desire to prevent the relationship from occurring or knew that interference was certain or substantially certain to occur as a result of the conduct and (ii) the defendant's conduct was independently tortious or unlawful. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). Yet Plaintiff fails to plead facts to support either of these essential elements sufficient to survive scrutiny under Rule 12(b)(6).

Plaintiff's prospective tortious interference claim attempts to assert a cause of action based on the Plaintiff's decision to not pursue a potential contract with Entrobox, but to try to negotiate

an agreement with Bally's instead. Plaintiff claims it was approached by Entrobox on June 7, 2021. [ECF No. 28, ¶3.8]. Plaintiff and Defendant began their discussions about their prospective business relationship and exclusivity beginning on about June 24, 2021. *Id*. at ¶3.12. Plaintiff pleads that Adi, Sam, and Sina knew they wouldn't move forward with Plaintiff by October 15, 2021, long after Plaintiff had decided to focus its negotiations on Bally's rather than Entrobox. *Id*. at ¶3.35. Under the facts and timeline that Plaintiff has pled, Defendant did not intend to terminate negotiations with Plaintiff until months after Plaintiff decided to abandon discussions with Entrobox. Plaintiff therefore has failed to plead a basis for tortious interference with a prospective contract; it has only pled that Plaintiff made the decision to pursue the more attractive business opportunity and that those negotiations did not bear fruit. Plaintiff has not pleaded facts to support a claim that Bally's, or its employees, acted with tortious intent or tortiously interfered with the potential contract.

Therefore, at the time in which tortious intervention would have had to occur (the time in which Defendant allegedly stated exclusivity would be a required term in any potential contract), Defendant had full intentions of pursuing a prospective relationship with Plaintiff. There is no independent tortious action pleaded as there is no allegation of an intent at the time to do anything other than pursue a potential relationship with Plaintiff and see if his product would suffice for what Defendant Bally's was seeking.

### C. *Plaintiff's Prior Pleading Defects Are Still Present*

#### i. <u>Breach of Contract is Still Not Sufficiently Plead</u>

Plaintiff's Proposed Complaint still fails to plead facts sufficient to establish the essential elements for a breach of contract claim—the formation or breach of a contract. Defendant has outlined the deficiencies in Plaintiff's prior proposed complaint in its previously filed opposition.

*See* ECF No. 25, pgs. 4-9. Plaintiff's Proposed Complaint and exhibits continue to establish that no contract was ever formed and a plausible breach of contract claim cannot be pleaded. Further, the "thousand pages of disclosed documents and communications" produced by Defendant which Plaintiff references in its motion do nothing to change this fact. None of the discovery referenced is attached as an exhibit and none of the information exchanged enhances Plaintiff's pleadings.

Plaintiff attempts to plead acceptance of SOW1 as a contract; however, Plaintiff fails to plead sufficient facts to establish that a contract was formed. Plaintiff's Proposed Complaint alleges an email from Bally's representative, Soo Kim, constitutes an acceptance of SOW1 and the formation of a written contract. [ECF No. 28 ¶4.2 and Exhibit 4]. The email from Kim attached to the Proposed Complaint states that he is willing to commit the budget discussed, but also states that revisions were needed to the SOW. *Id.* at pg. 8, ¶3.15. This email cannot support a finding that there was a meeting of the minds on all of the essential terms of a contract or that SOW1 is itself a contract.

First, the subject line of the email identifies the SOW is a "first draft." Second, there is no language in the email that unequivocally accepts the terms of SOW1 as a binding contractual agreement—to the contrary, the email expressly states additional terms and discussions are needed, specifically a budget and budgeting conversation. Third, the acceptance line on SOW1 is unsigned. Fourth, it is missing the most essential element of any contract—price. Fifth, the July 13, 2021, email chain between Soo Kim and Wes Elliott shows revisions were still contemplated and being discussed after the alleged "acceptance"—EFD's representative, Wes Elliott, asks Soo Kim if there are things that his team wants to add, and Soo Kim responds that a project liaison needs to be assigned to break up the SOW into specific items and that the upfront price can be discussed at a future budgeting conversation. *Id.* at pg. 55. Sixth, Plaintiff admits in the Proposed Complaint that

SOW1 was still the subject of further revisions. *Id*. at ¶3.24. Finally, Plaintiff admits that SOW1 is not the "contract" between the parties as it alleges that SOW2 was a revision of SOW1, signifying there was not a meeting of the minds forming a final agreement on SOW1. *Id*. at ¶ 3.26.

Similarly, Plaintiff fails to plead facts to support that SOW2 could plausibly be considered a contract. The Proposed Complaint still contains the same deficiencies outlined in Defendant's prior opposition. [ECF No. 25, pgs. 6-9]. The Proposed Complaint still establishes that it is not plausible that SOW2 is, or was ever intended to be, an enforceable contract. SOW2 contains a section for signatures stating that "[b]y signing below, both Buyer and Seller . . . agree to be bound by the terms and conditions provided in this Agreement." [ECF No. 28 at p. 40]. There is no signature. "When a party's signature is absent, other evidence must be presented to prove the party unconditionally and mutually assented to the terms of the contract . . . When an instrument bearing the signature of one party is delivered with the intent that it not be binding until signed by the other party, the existence of the instrument is destroyed by the other party's failure to sign the instrument." *Lujan v. Alorica*, 445 S.W.3d 443, 448-49 (Tex. App.—El Paso 2014, no pet.) (citations omitted); *see also Baylor University v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("Contracts require mutual assent to be enforceable . . . . Evidence of mutual assent in written contracts generally consist of signatures of the parties and delivery with intent to bind.") (citations omitted). SOW2 is not signed by either party—evidencing that neither party had unconditionally and mutually assented to the terms of the proposed agreement.

There is no evidence presented which could plausibly establish the necessary meeting of the minds occurred to make SOW2 a binding contract. The Proposed Complaint expressly admits that SOW2 does not reflect the agreement of the parties by alleging: "Plaintiff and Defendant came to an agreement via SOW1 and SOW2 (*as amended*) (the 'Contract for Commercial Use')."

Proposed Complaint at pg. 16, ¶4.2 (emphasis added) [ECF No. 28]. Plaintiff pleads that the SOW2 was further amended based on negotiations on August 24, 2021. *Id*. at ¶3.26.

Defendant has outlined how each of Plaintiff's exhibits establish that there was no meeting of the minds regarding SOW1 and SOW2 and no agreement to the essential terms of any contract in its Opposition to Plaintiff's Motion. [ECF No. 25 at p.8]. At most, the Proposed Complaint alleges only that the Parties agreed on some terms of an overall agreement and were still negotiating others, which is insufficient to state a claim for breach of a contract.

### ii. *Quantum Meruit Pleading Defects are Still Present*

Plaintiff's Proposed Complaint still asserts an equitable claim under state law for quantum meruit as an alternative should the Court conclude that a contract was not formed. Quantum meruit under the facts alleged still remains an inapplicable legal theory.

Quantum meruit is not a substitute cause of action for when a contract is not formed; it is an equitable doctrine to prevent unjust enrichment when there is an implied agreement to pay when goods or services are delivered with an expectation of payment. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005). When a party's claim is subject to the terms of a written contract, the doctrine of quantum meruit is not applicable. *See Soni v. CrowdStrike Holdings, Inc.*, No. A-19-CV-969-LY, 2021 WL 3615841, at *5 (W.D. Tex. June 21, 2021), report and recommendation adopted, No. 1:19-CV-969-LY, 2021 WL 8083344 (W.D. Tex. Aug. 2, 2021).

The Proposed Complaint still fails to assert factual allegations sufficient to establish that Plaintiff provided any valuable services or materials to Defendant, which Defendant accepted knowing that Plaintiff expected to be paid. To the contrary, the Proposed Complaint pleads facts that only support a conclusion that Plaintiff may have taken steps to be prepared to perform the contract being negotiated even though performance was not supposed to begin until the agreement

was signed and an initial payment was made. Such an allegation is not sufficient to constitute actual performance, acceptance of performance, or an expectation of payment for the services provided—each are essential elements to plead and prove a quantum meruit claim. *See* Restatement (2nd) of Contracts § 45(f) ("Beginning preparation, though they may be essential to carrying out the contract or to accepting the offer, is not enough.").

Plaintiff has pled no allegation or exhibit that would support a finding that the parties agreed that services would be performed and paid for prior to reaching an agreement on the written contract. The Proposed Complaint clearly alleges that the parties were negotiating a written contract, intended that contract to govern their duties and obligations, and never reached a final agreement.

### iii. *Negligent Misrepresentation and Fraud are Still Not Sufficiently Plead*

Plaintiff again continues to allege the same claims for negligent misrepresentation and "fraud/fraud in the inducement," that were pled in its prior proposed complaint, but still fails to state with particularity the circumstances constituting fraud or mistake as required by FED. R. CIV. P. 9(b). Instead, the added provisions in Plaintiff's Proposed Complaint only show that the parties were in negotiations, but remained far apart on expectations and desires.

Plaintiff fails to plead any facts to state a claim for fraudulent misrepresentation or fraudulent inducement. Instead, Plaintiff pleads facts that show the parties were on different pages regarding expectations in the proposed business relationship. There are no facts or evidence to support Plaintiff's general accusations that Sam and Sina Miri and Adi Dhandhia knew that they would not finalize an agreement for the proposed transaction that Plaintiff and Soo Kim initially discussed. Instead, the facts pleaded only demonstrate that Sam, Sina, and Adi attempted to make a deal work, but when the parties could not come to an agreement, termination of the business

relationship ensued. There is no cause of action law preventing parties to business negotiations from changing their expectations or desires to do business as negotiations continue and more facts and understandings develop.

Further, to state a claim for fraud, Rule 9(b) requires "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.¸* 975 F.2d 1134, 1139 (5th Cir. 1992). The specificity requirements of Rule 9(b) must be met for negligent misrepresentation claims based on the same allegations as the fraud claim. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). These requirements are simply not met in Plaintiff's Proposed Complaint.

Plaintiff's Proposed Complaint recites numerous generic statements excerpted from emails and oral discussions during negotiations of a potential agreement between the parties, but fails to identify the particulars of each statement other than to allege they were made by several people grouped together and during the several month period of time during which the contract was being negotiated. To state a claim for fraud or misrepresentation, the false statement must be ones of material fact. The statements identified in the Proposed Complaint are statements of intent, expectations, desired terms of a future agreement, and negotiations of an overall intended future agreement subject to final drafting, revisions, and acceptance. None of the statements alleged are sufficient to establish a knowingly false statement of material fact which could support a claim of fraud or misrepresentation. Additionally, Plaintiff still fails to state the place and time of each statement made or the specific speaker of many of the statements, and instead lumps them all together with a date range of sometime between July and August of 2021. While pleading fraud or fraud in the inducement, Plaintiff fails to identify any agreement that was entered into in reliance

on any fraudulent statement. Plaintiff's fraud/misrepresentation claims are based on allegations of an intent or desire to enter into a business relationship with Plaintiff, not an intentional misrepresentation of material fact on which Plaintiff relied to his detriment. Plaintiff's Proposed Complaint fails to plausibly state a claim for relief under Rule 12(b)(6) as the standards of Rule 9(b) are not met.

## PRAYER

Granting leave to file the Proposed Complaint would be futile as the defects in Plaintiff's prior pleading are not corrected and remain in the Proposed Complaint; those defects are compounded by making the same deficient claims and new claims which all fail to survive scrutiny under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Additionally, Plaintiff's request to add new parties who not subject to the jurisdiction of this court and all claims tied to those parties would also be futile. Therefore, Defendant Bally's prays that the Court deny Plaintiff's Motion for Leave to File its Third Amended Complaint, and for such other and further relief, at law or in equity, as the Court deems appropriate.

Respectfully submitted,

*/s/ Blake A. Bailey*
**BLAKE A. BAILEY**
State Bar No. 01514700
**PHELPS DUNBAR LLP**
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092-7626
blake.bailey@phelps.com
(817) 305-0332 (phone)
(817) 488-3214 (facsimile)
**ATTORNEY FOR DEFENDANT BALLY'S CORPORATION**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel in accordance with the Federal Rules of Civil Procedure by electronic deliver on this 23rd day of July, 2024.

                                                                                       _/s/ Blake A. Bailey_
                                                                                      Bake A. Bailey