UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EFD SPORTS, LLC,<br> *Plaintiff*,<br><br>v.<br><br>BALLY'S CORPORATION,<br> *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 4:24-CV-87-SDJ<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT BALLY'S CORPORATION'S MOTION TO EXCLUDE THE EXPERT REPORT, TESTIMONY, AND OPINIONS OF SCOTT HAKALA

  Defendant Bally's Corporation ("Bally's") respectfully moves to exclude the expert report, testimony, and opinions for Scott Hakala ("Hakala"), pursuant to Federal Rules of Evidence 403, 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny. Hakala's testimony is based on unreliable and untrustworthy financial data, fails to evaluate the actual market, and is purely speculative. The sales projections are inaccurately justified by comparing a startup, which was unsuccessful and has a single unproven and underperforming product, to well-established international companies with diversified product lines and dominant positions in their industries.

Defendant Bally's Corporation's Motion to Exclude the Expert Report,  Page 1
Testimony, and Opinions of Scott Hakala
PD.48392268.1

# **TABLE OF AUTHORITIES**

**Cases**

*Baisden v. I'm Ready Productions, Inc.,* No. CIVA 4:08-CV-00451, 2010 WL 1855963, at *7 (S.D. Tex. May 7, 2010) .................................................................................................... 8

*Burleson v. Tex. Dept. of Crim. Justice*, 393 F.3d 577, 587 (5th Cir. 2004) ................................. 8

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ......................................................... 1

*General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997) ............................................................ 8

*Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) ............................................................ 8

*JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc.,* No. 97-CV-0652, 1998 WL 175888, *8, 10 (E.D. Pa. Apr. 15, 1998) ......................................................................................................... 9

*JRL Enterprises, Inc. v. Procorp Associates, Inc.*, No. CIV.A. 01-2893, 2003 WL 21284020, at *8 (E.D. La. June 3, 2003) ..................................................................................................... 9

*Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) ........................................ 8

*Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, (1999) .......................................................... 7

*McMullen v. Lasko Prods., Inc.*, 2010 WL 8057197, at *2 (E.D. Tex. Jan. 14, 2010) .................. 8

*Serrano-Cordero v. Kroger, Texas, L.P.*, 2012 WL 3495376, at *1 (E.D. Tex. Aug. 15, 2012) ... 8

*St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) ........ 9

*Thomas v. T.K. Stanley, Inc.,* No. 9-12-CV-158, 2014 WL 12814614, at *1 (E.D. Tex. Oct. 28, 2014) ..................................................................................................................................... 13

*Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ..................................................... 8

**Rules**
Federal Rules of Evidence 403 ...................................................................................................... 1

Federal Rule of Evidence 702 ........................................................................................................ 1

Defendant Bally's Corporation's Motion to Exclude the Expert Report,     Page 2
Testimony, and Opinions of Scott Hakala
PD.48392268.1

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ................................................................................................ 4

II.  ARGUMENT AND AUTHORITIES ................................................................................... 7

   A.  The Court Should Exclude Hakala's Testimony Because His Opinions Are Not Relevant Or Reliable. ................................................................................................... 7

      1.  Hakala's report is based on speculative and unsupported assumptions and cannot aid the trier of fact. ................................................................................................ 9

      2.  Hakala's opinions are not based on sufficient facts and data. ............................... 10

      3.  Hakala's opinions are not based on reliable principles and methods. .................... 11

      4.  Hakala's opinions are not based on reliable application of the facts. .................... 12

   B.  The Court Should Exclude Hakala's Testimony Under Rule 403. ............................. 12

III. CONCLUSION ................................................................................................................... 13

Defendant Bally's Corporation's Motion to Exclude the Expert Report,   Page 3
Testimony, and Opinions of Scott Hakala
PD.48392268.1

## I. SUMMARY OF ARGUMENT

Bally's respectfully moves the Court to exclude the expert report, testimony, and opinions of Scott Hakala who has been designated by Plaintiff EFD Sports, LLC ("EFD") to testify regarding financial records, sales, profit projections, and damage calculations associated with EFD's claims against Bally's. Mr. Hakala's report demonstrates his anticipated testimony and opinions are not based on reliable information, uses flawed revenue projections, does not analyze the potential market or future sales, does not make appropriate comparisons of data, and is purely speculative.

Hakala fails to base his projections on the facts Plaintiff alleged in this case, specifically that the negotiations between the parties concerned a potential agreement for EFD and Bally's to develop modifications to EFD's boxing sensors for use in Bally's sports applications and that EFD would be able to sell the redeveloped product in the consumer market. The modified sensors would serve as one component for obtaining data for use in Bally's modern presentation style for its boxing matches; it was not a product in and of itself. The parties engaged in negotiations over potential terms of a Technology and Licensing Agreement and Statement of Work, but never reached an agreement. Ultimately, the parties terminated their negotiations, with Plaintiff admitting an agreement was never reached on the Licensing Agreement and that the latest draft of the Statement of Work that had gone through several iterations (and which was to be an exhibit incorporated into the Licensing Agreement) was merely a "placeholder" pending further negotiations and a final agreement. After negotiations were terminated, Plaintiff also admitted that based on the status of the different negotiations, there was no meeting of the minds on the project going forward, as the numerous negotiations left parties uncertain about what had been agreed to so far and what had not. Nevertheless, EFD now asserts that the negotiations and draft

Defendant Bally's Corporation's Motion to Exclude the Expert Report,                Page 4
Testimony, and Opinions of Scott Hakala
PD.48392268.1

documents—none of which were finalized or signed—constituted a contract and seeks damages in the form of lost profits assuming a contract was formed and lost profits from a second transaction Plaintiff decided not to pursue in order to pursue a potential agreement with Bally's. Plaintiff also seeks quasi contract damages based on its costs in preparing to perform the anticipated agreement with Bally's, without any support for those costs or an agreement to pay them by EFD.

Plaintiff submitted disclosures regarding the anticipated testimony of its designated expert witness, Scott Hakala, [ECF No. 35] (a copy of the report, without the supporting documents is attached as Exhibit A). Hakala's testimony should be excluded under Federal Rule of Evidence 702 and *Daubert* because it fails to meet the necessary standards of relevance and reliability. His report, intended to quantify damages in the form of future lost profits of EFD if it would have entered into and performed the contract with Bally's, relies on inaccurate financial data, speculative assumptions, hypothetical scenarios, inapplicable comparisons, and improper methodologies that do not reflect the actual circumstances of the case. For instance, Hakala's projections about EFD's potential market success and revenue growth are not grounded in empirical data or the factual realities of EFD's operations. *See* Defendant's Expert, Sean Sarsfield's Affidavit and Report (also omitting his exhibits) attached as Exhibit B.

Hakala bases his projected sales on the unsupported assumptions that (i) the parties' negotiations created an agreement for the development, licensing, and future sales of a yet unproven product, (ii) that a world-wide market would immediately exist for consumer purchases of the re-developed sensor, and (iii) EFD's sales performance and profit would be comparable to public companies with years of international sales and market penetration, such as Nike, Lululemon, and Peloton. Hakala projects a 2,000% percent increase in EFD revenue in 2022 over 2021, when an agreement was still being negotiation in November 2021 and no redevelopment or

production had even begun. Contrary to the standards required under FED. R. EVID. 702, Hakala fails to base his opinions on sufficient facts or data, uses flawed revenue projection methodology, uses inappropriate data, fails to properly analyze the market, uses inappropriate scenarios in his analysis, and double counts potential sales opportunities.

Hakala claims damages by projecting the performance of a failing startup business with no market share and unreliable financial statements against the sales and profits generated by Nike and Peloton. Nike and Peloton are diversified, multinational companies with established markets, strong name recognition, a broad customer base, extensive distribution networks, diverse product lines, and millions of dollars in advertising spend. Hakala also estimates sales and profits based on projected sales to a world-wide market resulting in a 2,000% increase in sales within 12 months, which is before a modified product was even projected to be developed, let alone achieve world-wide sales. Mr. Hakala also projects lost profits based on projected worldwide sales to a guestimated percentage of market penetration to a potential market consisting of every person who has participated in boxing or mixed martial arts, regardless of any prior use of such sensors by those participants, use of such devices by the market in general, or any rationally based evaluation of market acceptance and use.

This testimony will not aid the trier of fact in evaluating the claimed damages from this proposed contract, as it is unlikely to provide clarity or insight into the damages EFD claims to have incurred. The assumptions underlying Hakala's analysis are unsupported and speculative, failing to account for the actual market of potential consumers, the practical challenges and market conditions EFD would face, or the actual results of the marketplace. Furthermore, his methodology includes flawed revenue projections and inappropriate cost of capital calculations, which do not

Defendant Bally's Corporation's Motion to Exclude the Expert Report, Testimony, and Opinions of Scott Hakala
PD.48392268.1

Page 6

align with the specifics of EFD's business model or the context of the negotiations and proposed transaction.

The Court should exercise its gatekeeping authority to exclude his report, testimony, and opinions from trial, as it fails to satisfy the essential factors of reliability and relevance. His opinions are not grounded on sufficient facts or data, lack the application of reliable principles and methods, and do not reliably apply those methods to the specific facts of the case. Consequently, his testimony cannot provide the necessary clarity or insight required to aid the jury in making an informed decision.

## II.     ARGUMENT AND AUTHORITIES

### A. The Court Should Exclude Hakala's Testimony Because His Opinions Are Not Relevant Or Reliable.

The Court should exclude Hakala's report and testimony as they fail to meet the relevance and reliability standards required under Rule 702 and *Daubert*. Courts serve as gatekeepers for expert testimony to ensure that an expert, whether drawing on professional research or personal experience, applies the same degree of intellectual rigor in the courtroom that is typical in their field of expertise. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, (1999). The party presenting the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert,* 509 U.S. at 590. Plaintiff cannot meet its burden on any one of these elements, let alone all three.

For expert testimony to be deemed relevant and reliable—and thus admissible—it must satisfy several criteria: (a) it should aid the trier of fact in understanding the evidence or determining a fact in issue; (b) it must be grounded on sufficient facts or data; (c) it should be the

Defendant Bally's Corporation's Motion to Exclude the Expert Report,   Page 7
Testimony, and Opinions of Scott Hakala
PD.48392268.1

result of reliable principles and methods; and (d) these principles and methods must be applied reliably to the facts of the case. *See* FED. R. EVID. 702; *Serrano-Cordero v. Kroger, Texas, L.P.*, 2012 WL 3495376, at *1 (E.D. Tex. Aug. 15, 2012).

The reliability analysis encompasses all facets of an expert's testimony, including the methodology, the factual basis of the expert's opinion, and the connection between the facts and the conclusion. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). The reliability requirement ensures that expert testimony is "supported by appropriate validation" and establishes a standard of evidentiary reliability. *Daubert*, 509 U.S. at 590.

The relevancy requirement guarantees that expert testimony will in fact "assist the trier of fact in understanding the evidence or determining a fact in issue." *Id.* at 589. Testimony that does not pertain to any issue in the case is not relevant and, therefore, not helpful. *Baisden v. I'm Ready Productions, Inc.,* No. CIVA 4:08-CV-00451, 2010 WL 1855963, at *7 (S.D. Tex. May 7, 2010). Additionally, opinions should be excluded if they are solely supported by the expert's assertion. *See Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005); *McMullen v. Lasko Prods., Inc.*, 2010 WL 8057197, at *2 (E.D. Tex. Jan. 14, 2010). A court should exclude expert testimony when there is "too great an analytical gap between the data and the opinion proffered." *Burleson v. Tex. Dept. of Crim. Justice*, 393 F.3d 577, 587 (5th Cir. 2004) (quoting *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)). If an opinion lacks fundamental support, it fails to provide expert assistance to the jury. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

In evaluating *Daubert* challenges, courts concentrate on the experts' principles and methods rather than the conclusions they produce. *Daubert*, 509 U.S. at 594. The *Daubert* factors are not intended to serve as a rigid checklist or test. *Id.* at 593. The Court has highlighted that the *Daubert* framework is inherently flexible. *Id.* at 594. Consequently, the decision to permit or

Defendant Bally's Corporation's Motion to Exclude the Expert Report,   Page 8
Testimony, and Opinions of Scott Hakala
PD.48392268.1

exclude expert testimony under *Daubert* falls within the broad discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000). Here, the proposed testimony of Hakala should be excluded because it fails to meet the relevance and reliability standards set forth under Rule 702 and the *Daubert* standard.

        **1.**      **Hakala's report is based on speculative and unsupported assumptions and cannot aid the trier of fact.**

Hakala's testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue because it is based on speculative and unsupported assumptions. Sarsfield Report Ex. B, p. 5. Hakala's analysis relies on hypothetical scenarios that do not align with the actual circumstances of the case, such as the speculative nature of EFD's potential market success and the unfounded assumptions about revenue growth. Ex. A, pp. 3-4. These scenarios fail to provide the necessary clarity or insight into the damages projected by Hakala, as they do not reflect the real-world context in which the company operates. Sarsfield Report Ex. B, p. 5. Hakala fails to provide any reliable basis for his projections of astronomical and profitable performance of a company that was failing at the time and had achieved no market share or penetration. Such projections are unreliable and fail to meet the standard under *Daubert* or Rule 702. *See, e.g., JMJ Enterprises, Inc. v. Via Veneto Italian Ice, Inc.,* No. 97-CV-0652, 1998 WL 175888, *8, 10 (E.D. Pa. Apr. 15, 1998) (expert failed to present "reliable evidence that would bridge the gap between the facts and his conclusion" projecting a business that lost $159,000 in two years of business would earn $4.7 million in the next ten years, concluding the "sales projection does not rise above the level of 'subjective belief of unsupported speculation'"); *JRL Enterprises, Inc. v. Procorp Associates, Inc.*, No. CIV.A. 01-2893, 2003 WL 21284020, at *8 (E.D. La. June 3, 2003) (expert's calculations were based solely on client-supplied figures without any independent verification or

Defendant Bally's Corporation's Motion to Exclude the Expert Report,      Page 9
Testimony, and Opinions of Scott Hakala
PD.48392268.1

market analysis to ensure accuracy, concluding that the expert's numbers had "no basis in reality" and the methodology was "an exercise in arithmetic based on inherently unreliable values"). Hakala's testimony lacks the practical applicability needed to genuinely aid the jury in reaching an informed decision. The court should exclude Hakala's testimony because this testimony is based on speculation. Hakala has no factual basis, research, or data to support his projections.

### 2. Hakala's opinions are not based on sufficient facts and data.

Hakala's opinions are not based on sufficient facts or data, a crucial criterion for reliability under Rule 702. His projections heavily rely on assumptions that lack empirical support and are not grounded in the factual realities of EFD's operations. For instance, Hakala uses Nike and Peloton as proxies for capital expenditure projections without conducting independent due diligence or verifying the appropriateness of these comparisons for EFD, a startup with no similar market presence or financial stability. Sarsfield Report Ex. B, p. 8. This approach overlooks the significant differences in market position, financial resources, market acceptance, and operational scale between these established corporations and EFD, leading to projections that are inherently unreliable and speculative. *See* Sarsfield Report Ex. B, pp. 7, 8, 9, 16.

Moreover, in his report, Hakala acknowledges that the financial documents he received from EFD were "not in good order." Sarsfield Report Ex. B, p. 8. Despite this admission, he proceeded to base his damage calculations on restatements of those financial records he prepared correcting some obvious errors, supplemented by EFD "management's expectation." Sarsfield Report Ex. B, p. 8. This reliance on incomplete and admittedly inaccurate documents without a review of other potential inaccuracies raises significant concerns about the foundation of Hakala's opinions. Sarsfield Report Ex. B, p. 8. Expert testimony must be based on sufficient and reliable

Defendant Bally's Corporation's Motion to Exclude the Expert Report,   Page 10
Testimony, and Opinions of Scott Hakala
PD.48392268.1

facts or data to be admissible. By basing his analysis on documents that he concedes are not well-organized or reliable, Hakala fails to meet this foundational requirement. His testimony, therefore, lacks the evidentiary reliability needed to assist the trier of fact in understanding the evidence or determining a fact in issue. The court should exclude Hakala's testimony due to the significant risk that his conclusions are based on incomplete or erroneous data, further contributing to the speculative nature of his damage calculations.

### 3. Hakala's opinions are not based on reliable principles and methods.

The principles and methods employed by Hakala are flawed. *See* Sarsfield Report Ex. B, pp. 7, 8, 9, 16. His revenue projection methodology includes double counting potential customers by mixing boxing and MMA participants, and using participation data in the sports of boxing and mixed martial arts as a proxy for potential purchasers, compounding that error in logic to an assumption that a certain percentage of participants are likely to buy a product that has previously experienced no such market penetration. Sarsfield Report Ex. B, p. 10. This results in an inflated estimate of the target market size and a market penetration which is not reflective of actual consumer interest or demand for StrikeTec's or other similar products that have been sold in the marketplace. *See* Sarsfield Report Ex. B, p. 10. Furthermore, the use of companies such as Garmin Ltd, Apple Inc., Nike, Inc., Lululemon Athletica Inc., and V.F. Corporation as "comparables" is inappropriate due to the distinct differences in business models, market segments, and scales of operation between these companies and EFD. Sarsfield Report Ex. B, p. 13. These companies are not in the same industry as each other, let alone in the same industry as EFD, resulting in unreliable assumptions and analysis. *Id.*

Defendant Bally's Corporation's Motion to Exclude the Expert Report, Testimony, and Opinions of Scott Hakala
PD.48392268.1

Page 11

### 4. Hakala's opinions are not based on reliable application of the facts.

Hakala fails to apply his principles and methods reliably to the facts of the case. His analysis does not consider the actual market conditions or the product's performance history. Sarsfield Report Ex. B, p. 14. He assumes substantial revenue growth without providing evidence of EFD's capacity to achieve such growth, especially given the lack of existing infrastructure and support networks. Additionally, his damage calculations erroneously assume that EFD was precluded from pursuing other opportunities, despite Plaintiff's own pleading asserting facts to the contrary. Sarsfield Report Ex. B, pp. 15-16.

Overall, the expert testimony provided by Hakala does not meet the standards of evidentiary reliability required under Rule 702. His projections and conclusions are speculative and unsupported, offering no assistance to the jury. *See* Sarsfield Report Ex. B, pp. 7, 8, 9, 16. Therefore, the court should exclude his testimony due to the significant analytical gaps between the data and the opinions proffered. Hakala's report applies a generic valuation model without sufficient adaptation to the unique facts of this case, such as the actual performance of the StrikeTec technology and the specific details of the contractual obligations and breaches. *See* Sarsfield Report Ex. B, pp. 7, 8, 9, 14, 16.

### B. The Court Should Exclude Hakala's Testimony Under Rule 403.

In this case, even if Hakala's testimony could satisfy the *Daubert* criteria, which it does not, Rule 403 justifies its exclusion. Hakala's expert testimony should be excluded under Rule 403. Even when expert testimony might be admissible under Rule 702, it should still be excluded under Rule 403 when its probative value is significantly outweighed by the risks of causing unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time, or

Defendant Bally's Corporation's Motion to Exclude the Expert Report,   Page 12
Testimony, and Opinions of Scott Hakala
PD.48392268.1

presenting redundant evidence. See, e.g., *Thomas v. T.K. Stanley, Inc.,* No. 9-12-CV-158, 2014 WL 12814614, at *1 (E.D. Tex. Oct. 28, 2014).

Hakala is presented as an expert to provide opinions on the damages claimed by EFD. However, his testimony risks being perceived as authoritative due to his credentials, potentially leading the jury to defer to his conclusions despite the speculative nature of his assumptions and methodologies. His testimony is nothing more than EFD presenting its "unrealistic hopes through the mouth of an expert." *JMJ Enterprises,* 1998 WL 175888, *8. His testimony addresses ultimate issues that should be reserved for the jury, creating a substantial risk that the jury might rely on his interpretation of the financial data and projections, despite any cautionary instructions provided. These risks are particularly concerning because Hakala's analysis relies on speculative assumptions, lacks empirical support, and fails to account for key variables specific to the case. *See* Sarsfield Report Ex. B, pp. 7, 8, 9, 16. Allowing speculative financial projections and conclusions under the guise of expert testimony would be highly prejudicial to the Defendant and would only serve to mislead and confuse the jury. The Court should exclude Hakala's testimony because it is based on sheer speculation, lacks a factual foundation, and would unfairly prejudice the jury. Thus, Rule 403 supports the exclusion of Hakala's report, testimony, and opinions at trial.

### III.    CONCLUSION

For all of the foregoing reasons, Defendant Bally's Corporation respectfully request the Court enter an Order excluding from trial Scott Hakala's expert report, testimony, and opinions.

Defendant Bally's Corporation's Motion to Exclude the Expert Report,     Page 13
Testimony, and Opinions of Scott Hakala
PD.48392268.1

>Respectfully submitted,
>
>*/s/ Blake A. Bailey*
>**BLAKE A. BAILEY**
>State Bar No. 01514700
>**PHELPS DUNBAR LLP**
>2102 E. State Hwy. 114, Suite 207
>Southlake, Texas 76092-7626
>blake.bailey@phelps.com
>(817) 305-0332 (phone)
>(817) 488-3214 (facsimile)
>**ATTORNEY FOR DEFENDANT**
>**BALLY'S CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this 17th day of February, 2025, a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

>*/s/ Blake A. Bailey*
>Blake A. Bailey

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and the motion is opposed. The personal conference required by this rule was conducted on February 17, 2025 by phone between Blake Bailey and Don Kaiser. An agreement could not be reached leaving an open issue for the court to resolve.

>*/s/ Blake A. Bailey*
>Blake A. Bailey

Defendant Bally's Corporation's Motion to Exclude the Expert Report, Testimony, and Opinions of Scott Hakala
PD.48392268.1

Page 14