RUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **EFD SPORTS, LLC,**<br>    *Plaintiff*, | § § § § § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 4:24-CV-87-SDJ** |
| **BALLY'S CORPORATION,**<br>    *Defendant.* | § § § § | |

**DEFENDANT BALLY'S CORPORATION'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE**
**THE EXPERT TESTIMONY AND OPINIONS OF SCOTT HAKALA**

Defendant Bally's Corporation ("Bally's") submits this reply brief in further support of its motion to exclude the expert testimony and opinions of Scott Hakala. Despite Plaintiff EFD Sports, LLC's ("EFD") efforts to defend the admissibility of Hakala's testimony, it is evident that his opinions are fundamentally flawed and based on unreliable assumptions, projections, and data. The proposed testimony lacks the reliability and relevance required under Federal Rule of Evidence 702 and the standards established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## I.   SUMMARY OF ARGUMENT

Hakala's analysis is critically flawed, relying heavily on speculative assumptions and data that lack reliability, thereby failing to provide a credible foundation for his conclusions. His inappropriate comparisons to international, long accepted and established companies like Nike and Peloton further undermine the validity of his analysis.

Defendant Bally's Corporation's Reply Brief in Support of its
Motion to Exclude the Testimony and Opinions of Scott Hakala

Page 1

PD.48608049.1

Hakala's declaration, introduced in response to Bally's motion to exclude, improperly introduces new information and justifications absent from his initial report, undermining the expert disclosure process. Even if the Court considers this declaration, Hakala's methodology remains flawed. It disregards the historical performance of StrikeTec and relies on fabricated data assumptions without empirical support. Moreover, his analysis fails to consider the actual market environment, EFD's past sales results with its product, speculates about a future market with no basis, and introduces justifications for the first time in his response.

While EFD argues that the *Daubert* standard is less applicable in a bench trial, this does not relieve the Court of its gatekeeping duty to ensure expert testimony is both reliable and relevant. The Court must still scrutinize expert testimony under *Daubert* to ensure that only credible evidence is admitted and forms the basis for the Court's decision. Hakala's testimony does not meet these necessary standards.

Furthermore, even if Hakala's testimony were admissible under Rule 702, it should be excluded under Rule 403 due to the speculative nature of his assumptions and reliance on flawed data, which create a substantial risk of being misleading and prejudicial.

## II.    ARGUMENT AND AUTHORITIES

### A. The *Daubert* standard still applies in bench trials.

While EFD argues that the *Daubert* standard is less relevant in a bench trial, this does not simply dissolve the gatekeeping requirement for experts or any other standard of admissibility for evaluating evidence. The Court must ensure that expert testimony is both reliable and relevant, as articulated in *Swanston v. City of Plano, Tex.*, Civil Action No. 4:19-cv-412, 2021 U.S. Dist. LEXIS 18204 (E.D. Tex. 2021), before admitting it into evidence. Although "[t]here is less need

Defendant Bally's Corporation's Reply Brief in Support of its                                           Page 2
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself," *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005), a court must still scrutinize expert testimony under *Daubert*. *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002). This ensures that only credible evidence is admitted into the record as evidence and forms the basis for the Court's decision. In this context, it is imperative to scrutinize the expert testimony provided by Hakala, as it fails to meet the minimum standards of admissibility.

### B. Hakala's testimony lacks reliability and relevance.

#### 1.    Hakala's Testimony is based on an inadequate foundation and speculative assumptions.

Plaintiff admits the legal standard for recovering lost profits requires any lost sales and related costs be established with reasonable certainty through competent evidence. This evidence must be free from speculation and grounded in objective facts and data. *See* Plaintiff's Response to Motion to Exclude, pages 13-14. Hakala's testimony, however, completely misses the mark in terms of reliability and relevance.

Hakala's original report regarding his anticipated testimony is fundamentally flawed as it relies on speculative assumptions and lacks the necessary empirical foundation. *See* Defendant's Expert, Sean Sarsfield's Affidavit in Response to the Declaration of Scott Hakala ("Sarsfield Reply Affidavit") attached as Exhibit C, pp. 2-11. (Exhibits A & B were attached to Bally's Motion). EFD attempts to cure these defects through submitting a declaration from Hakala with its response containing new justifications and support for Hakala's prior opinions, yet still consisting of mostly unsupported conclusions and self-declared reliability. *See* Sarsfield Reply Affidavit Ex. C, pp. 3-4. Hakala's new declaration partially acknowledges these deficiencies by attempting to rectify the

Defendant Bally's Corporation's Reply Brief in Support of its                    Page 3
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

shortcomings of his initial report. *Id.* Hakala's new declaration, however, still falls short and further underscores the lack of a solid evidentiary basis for his conclusory opinions. *Id.*

Hakala states in his supplemental declaration that he is a valuation expert, has taught classes, written peer reviewed literature and texts on valuation, and concludes that he properly applied those that experience here.  ECF No. 41-2 pp. 2-3.  Plaintiff's claim, however, is not based on the valuation of EFD as a business, it is a claim of lost profits from a contract which was being negotiated about a product which was to be redesigned and introduced into the market.  By his own admission, Hakala is an expert in the area of valuation and is basing his opinions of lost profits on his experience and literature on business valuation, which is not relevant  or helpful here.

### 2.    Hakala's Declaration is conclusory and inadmissible.

Hakala's Declaration is largely based on conclusory statements opining on his own credibility as well as the admissibility and reliability of his own opinions.  *See, e.g.* ECF No. 41-2 at pp. 1-3, 13-14 ¶¶ 1-6, 30.  Such conclusory statements should be stricken from his declaration. *See, e.g., Tyler v. Cedar Hill Indep. Sch. Distl.*, 426 F. App'x 306, 309 (5th Cir. 2011) (We have repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment.") Paragraphs 7-11 of Hakala's Declaration similarly contain conclusory statements without providing any support for them.  For example, Hakala makes various conclusory opinions about his own testimony such as the "projections . . . were based on actual surveys and data that experts use and are appropriate," "I did not make any substantive errors," the "methods I employed are generally accepted," and "[t]here is a demand for this product in the marketplace."  *See* ECF No. 41-2 at pp. 3-4.  Similarly, in paragraph 14 of his Declaration, Hakala again concludes that his own methodology is conservative and based on actual survey data.  ECF No. 41-2 at pp. 3-4.  Yet

Defendant Bally's Corporation's Reply Brief in Support of its                                      Page 4
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

he is projecting sales data and acceptance of a particular sensor product based on the number of participants in boxing and MMA sports without any consideration of the failure of EFD's product, or any other similar product that was in the marketplace, to gain such sales support or acceptance among all boxers in the marketplace or to consider the number of boxing participants who have purchased similar products in the past as opposed to all boxing participants.

Paragraphs 17-28 also rely on conclusory statements claiming conservative assumptions based on data for completely different products based again on the total number of boxing participants, ignoring actual use and adoption of devices. Hakala concludes that he is not basing his assumptions on all boxing participants, instead explaining that it is only based on all boxing participants in 11 selected countries around the world; this is a distinction without a difference. Hakala is admitting that he is not basing his analysis on actual sales of the actual product or on any similar product which was already in the marketplace.  And while he seems to emphasize that if EFD Sport's product was associated with Bally's that a robust market would magically appear, he ignores that other boxing sensors were already for sale through an association with Everlast, but the lackluster sales had no role or consideration to his projections and was not considered in his analysis.  No where does Hakala identify any data or statistics based on actual sales of the product before or after these negotiations fell apart or on sales of similar products, despite claiming that EFD had a successful product and established market.  He simply assumes a market penetration and skyrocketing sales based solely on the number of participants in boxing.  He has no data or sales on which to base a reliable projection of sales of the EFD Sports remodeled sensors.

Defendant Bally's Corporation's Reply Brief in Support of its                                     Page 5
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

### C. Bally's objections to Hakala's declaration.

Bally's objects to the inclusion of Hakala's Declaration attached to EFD's response. This declaration introduces new information and justifications not present in his initial expert report and citations to support which was not previously disclosed. Sarsfield Reply Affidavit Ex. C, pp. 3-4. Such post hoc rationalizations are inappropriate and undermine the expert disclosure process ant his Court's Order.[1] EFD's claim that the motion to exclude omitted parts of Hakala's report is inaccurate. Hakala's entire report, with its exhibits, were previously filed by Plaintiff in the record and were specifically reference by ECF No. 35 in the motion; there was no need to burden the record with duplicative pages which were not relevant to the motion being filed.  Nevertheless, Plaintiff refiled the entire report, with all of its exhibits with its response. The original report and the original exhibits attached thereto did not contain the research and documentation which Hakala now claims to have relied upon in Plaintiff's response.[2] Allowing this declaration would prejudice Bally's by circumventing the Court's Orders establishing procedures and deadlines for expert disclosures.

### D. Even with the Supplemental Declaration, Hakala's methodology remains flawed and unreliable.

The original and updated methodology employed by Hakala remains fundamentally flawed. *See* Sarsfield Reply Affidavit Ex. C, p. 2. His approach fails to account for the historical

---

[1] The Court's Original Scheduling Order provided for an earlier expert disclosure deadline that passed without plaintiff disclosing an expert.  ECF No. 27.  In extending the trial date, Plaintiff requested, and Defendant consented, to reopening the deadline for experts.  ECF Nos. 31-32.

[2] Plaintiff's failure to provide information on which Hakala claims to have relied upon was raised when Plaintiff first produced Hakala's report.  Hakala had attached to his report a 9-page spreadsheet identifying all of the documents Hakala had relied upon.  The document identified over 100 different documents which had not been produced in this case.  Even then, it still did not disclose all of the documents and research Hakala now claims to rely upon in his declaration.  Defendant sought an extension of time to file its expert report pending production of the documents Hakal relied upon which had not been produced to Defendants.  See ECF Nos. 36 and 37.

Defendant Bally's Corporation's Reply Brief in Support of its                                    Page 6
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

performance of StrikeTec, which is critical in assessing the company's future potential. Sarsfield Reply Affidavit Ex. C, pp. 3-4. Moreover, his data assumptions lack any empirical basis, and are therefore essentially based on hopes and dreams, but no reliable data, and are made out of nearly whole cloth. Hakala inconsistently switches between treating EFD as a startup for some analysis and as an existing business for others, and yet still ignores the actual performance of EFD with its supposedly accepted and proven product or the sales and market penetration of the existing market landscape, which includes similar products. Sarsfield Reply Affidavit Ex. C, pp. 5-6. This "methodology" leaves him with no foundation to predict market growth accurately. Sarsfield Reply Affidavit Ex. C, pp. 8-11. Many of his justifications are provided for the first time in his response, further undermining their credibility, admissibility, and reliability. *See* Sarsfield Reply Affidavit Ex. C, pp. 3-4.

### 1. Hakala's opinions fail to be grounded in sufficient facts.

Despite acknowledging the poor condition of EFD's financial records, Hakala relies on these documents to support his damage calculations. This reliance on unreliable financial data compromises the integrity of his analysis. Expert testimony must be based on sufficient and credible data to be admissible. Hakala's failure to ensure the accuracy of the underlying data, instead relying on information provided solely from EFD Sports during this litigation, renders his opinions inadmissible under Rule 702.

Further, he relied on unproven, and sometime outright false, assumptions as established facts.  For example, EFD asserts that there was an undisputed agreement for a $10 million budget is incorrect. The evidence does not support this claim, and it further highlights the speculative nature of Hakala's damage projections. While the parties discussed that Bally's would consider

Defendant Bally's Corporation's Reply Brief in Support of its                                    Page 7
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

investing up to $10 million on a project, Bally's refused to commit to such projections or budget.

Basing expert opinion on negotiations which were rejected and contrary to the actual negotiations

renders his projections unreliable and based on false information.  Similarly, he mischaracterizes

the terms of the proposed Entrobox agreement which had both a consumer and commercial

opportunities whereas he claims the terms being negotiated with Bally's was only exclusive as to

the commercial market. By mischaracterizing the nature of the agreement which was never

entered, or even the terms of any proposed negotiations, Hakala's opinions are based on false

assumptions and EFD's attempts to inflate the potential damages without a factual basis should be

inadmissible. *See* Sarsfield Reply Affidavit Ex. C, pp. 2-3, 5-11.

### E.  Scott Hakala was excluded in *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Secs. United States LLC*

The case of *Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Secs. (USA) LLC,* 752 F.3d 82, 89 (1st Cir. 2014) serves as a key point of comparison to the current case with

respect to the exclusion of Scott Hakala's expert testimony. In *Bricklayers*, the court identified

significant methodological flaws in Hakala's testimony, noting an issue that is also prevalent in

this case: "that, quite simply, Hakala's theory does not match the facts." *Bricklayers & Trowel Trades*, 752 F.3d at 89.

In *Bricklayers*, the court identified primary deficiencies in Hakala's event study: (1) the

selection of event dates, (2) overuse of dummy variables, (3) reliance on previously disclosed

information, and (4) failure to control for confounding factors. These flaws collectively

undermined the reliability of his analysis, leading to the exclusion of his testimony. Notably,

Hakala's post hoc selection of event dates and arbitrary use of dummy variables resulted in an

unreliable and irreproducible study. Similarly, in the present case, Hakala's speculative

Defendant Bally's Corporation's Reply Brief in Support of its                                                    Page 8
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

assumptions and fabricated data lack empirical support, mirroring the unreliable foundation criticized in *Bricklayers*. The court emphasized the necessity for expert testimony to adhere to the efficient market hypothesis, which Hakala's analysis failed to do. This parallels the present case, where his methodology disregards the actual market environment and introduces unsupported justifications.

The exclusion of Hakala's testimony in *Bricklayers* demonstrates a consistent judicial approach to ensuring expert testimony meets the reliability and relevance standards required under *Daubert* and Rule 702. The parallels between the two cases further support Bally's position that Hakala's testimony should be excluded due to similar methodological deficiencies and speculative foundations.

**F.  The application of Rule 403 supports the exclusion of Hakala's testimony.**

Even if Hakala's testimony were deemed admissible under Rule 702, it should still be excluded under Rule 403. The speculative nature of Hakala's assumptions and his reliance on flawed data and inaccurate assumptions, creates a substantial risk of misleading the Court, infecting the record with inadmissible and unreliable evidence, and prejudicing the parties by having to respond to and address such inadmissible evidence. The potential harm outweighs any probative value his testimony might have, making exclusion appropriate.

Defendant Bally's Corporation's Reply Brief in Support of its                                                    Page 9
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1

## CONCLUSION

For all of the foregoing reasons, Defendant Bally's Corporation respectfully request the

Court enter an Order excluding from trial Scott Hakala's expert report, testimony, and opinions.

Respectfully submitted,

*/s/ Blake A. Bailey*

**BLAKE A. BAILEY**
State Bar No. 01514700
**PHELPS DUNBAR LLP**
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092-7626
blake.bailey@phelps.com
(817) 305-0332 (phone)
(817) 488-3214 (facsimile)
**ATTORNEY FOR DEFENDANT**
**BALLY'S CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this 10th day of March, 2025, a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Blake A. Bailey*
Blake A. Bailey

Defendant Bally's Corporation's Reply Brief in Support of its                                    Page 10
Motion to Exclude the Testimony and Opinions of Scott Hakala

PD.48608049.1