UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EFD SPORTS, LLC,<br>    *Plaintiff*, | §§§§§§§§§§§§ | |
| v. | | CIVIL ACTION NO. 4:24-CV-87-SDJ |
| BALLY'S CORPORATION,<br>    *Defendant*. | | |

**DEFENDANT BALLY'S CORPORATION'S**
**CORRECTED REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE**

Defendant Bally's Corporation ("Bally's") submits this reply brief in further support of its motion to exclude the expert testimony and opinions of Scott Hakala.

### I.    ARGUMENT AND AUTHORITIES

**A. The *Daubert* standard still applies in bench trials.**

While EFD argues that the Daubert standard is less relevant in a bench trial, the gatekeeping requirement for expert testimony remains. The Court must ensure that expert testimony is reliable and relevant before admitting it. *See, e.g., Swanston v. City of Plano, Tex.*, Civil Action No. 4:19-cv-412, 2021 U.S. Dist. LEXIS 18204 (E.D. Tex. 2021). Even though there is "less need for the gatekeeper" in bench trials, courts must still scrutinize expert testimony under *Daubert*. *See, e.g, United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002). This ensures only credible evidence is admitted into the record to support the Court's decision. Hakala's testimony fails to meet these admissibility standards.

### B. Hakala's testimony lacks reliability and relevance.

#### 1. Hakala's testimony is based on an inadequate foundation and speculative assumptions.

Plaintiff concedes that recovering lost profits requires establishing lost sales and variable costs with reasonable certainty, free from speculation. Plaintiff's Response at pp. 13-14. However, Hakala's testimony lacks reliability and relevance, relying on speculative assumptions without empirical support. *See* Defendant's Expert, Sean Sarsfield's Affidavit in Response to the Declaration of Scott Hakala ("Sarsfield Reply Affidavit") attached hereto as Exhibit C, pp. 2-11. (Exhibits A & B were attached to Bally's Motion). EFD's attempt to remedy this with a new declaration from Hakala only introduces more unsupported conclusions. *Id.* Hakala claims expertise in valuation, but ECF's claim is based on lost profits based on contract negotiations for a redesigned product, not business valuation. His expertise in business valuation is irrelevant.

#### 2. Hakala's Declaration is conclusory and inadmissible.

Hakala's Declaration is largely based on conclusory statements opining on his own credibility as well as the admissibility and reliability of his own opinions. *See, e.g.* ECF No. 41-2 at pp. 1-3, 13-14 ¶¶ 1-6, 30. Such conclusory statements and legal advisory opinions are inadmissible and should be stricken from his declaration. *See, e.g., Tyler v. Cedar Hill Indep. Sch. Distl.*, 426 F. App'x 306, 309 (5th Cir. 2011) ("We have repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment.") Paragraphs 7-11 of Hakala's Declaration contain unsupported conclusory statements, such as claims that his projections are based on appropriate surveys and data, his methods are generally accepted, and there is market demand for the product. *See* ECF No. 41-2 at pp. 3-4. In paragraph 14, he asserts his methodology

is conservative and based on survey data, yet projects sales based on boxing and MMA participants without considering EFD's product failures or the market performance of similar products.

Paragraphs 17-28 rely on conclusory statements and conservative assumptions using unrelated product data and total boxing participants, ignoring device adoption. Hakala's assumptions are based on participants in 11 countries, a meaningless distinction. He admits his analysis lacks sales data for the product or similar market products. Despite suggesting a market would emerge with Bally's, he overlooks poor sales of existing sensors with Everlast. Hakala provides no data on actual or similar product sales, assuming market penetration solely based on participant numbers without reliable sales projections for EFD Sports remodeled sensors.

### C. Bally's objections to Hakala's declaration.

Bally's objects to the inclusion of Hakala's Declaration attached to EFD's response. This declaration introduces new information and justifications not present in his initial expert report and citations to support which were not previously disclosed. Sarsfield Reply Affidavit Ex. C, pp. 3-4. Such post hoc rationalizations are inappropriate and undermine the expert disclosure process and this Court's Order.[1] EFD's claim that the motion to exclude omitted parts of Hakala's report is inaccurate. The entire report and exhibits were already filed and referenced in ECF No. 35, making duplicates unnecessary. Nonetheless, Plaintiff refiled the report with its response, but the original report lacked the research Hakala now claims to have relied upon.[2] Allowing this

---

[1] The Court's Original Scheduling Order provided for an earlier expert disclosure deadline that passed without plaintiff disclosing an expert. ECF No. 27. In extending the trial date, Plaintiff requested, and Defendant consented, to reopening the deadline for experts. ECF Nos. 31-32.

[2] Plaintiff's failure to provide information on which Hakala claims to have relied upon was raised when Plaintiff first produced Hakala's report. Hakala had attached to his report a 9-page spreadsheet identifying all of the documents Hakala had relied upon. The document identified over 100 different documents which had not been produced in this case. Even then, it still did not disclose all of the documents and research Hakala now claims to rely upon in his declaration. Defendant sought an extension of time to file its expert report pending production of the documents Hakal relied upon which had not been produced to Defendants. See ECF Nos. 36 and 37.

declaration would prejudice Bally's by circumventing the Court's Orders establishing procedures and deadlines for expert disclosures.

    D. **Even with the Supplemental Declaration, Hakala's methodology remains flawed and unreliable.**

Hakala's original and updated methodologies are fundamentally flawed. *See* Sarsfield Reply Affidavit Ex. C, p. 2. He fails to consider StrikeTec's historical performance, crucial for assessing future potential, and his data assumptions lack empirical support, rendering them speculative. Hakala inconsistently treats EFD as both a startup and an existing business, ignoring actual performance and market conditions, which undermines his market growth predictions. Many justifications appear for the first time in his response, further questioning their credibility and reliability. *See* Sarsfield Reply Affidavit Ex. C, pp. 3-6, 8-11.

    1. **Hakala's opinions fail to be grounded in sufficient facts.**

Despite acknowledging EFD's poor financial records, Hakala relies on them for damage calculations, compromising his analysis's integrity. Expert testimony must be based on credible data, which Hakala fails to provide, rendering his opinions inadmissible under Rule 702. He bases his conclusions on unproven assumptions, such as an alleged $10 million budget agreement, unsupported by evidence and without justification on why such amount would be paid to EFD. Bally's never committed to such a budget, making his projections speculative. Additionally, Hakala misrepresents the proposed Entrobox agreement terms, further inflating potential damages without factual basis. *See* Sarsfield Reply Affidavit Ex. C, pp. 2-3, 5-11.

    E. **Scott Hakala's opinions have been excluded for similar deficiencies**

*Bricklayers & Trowel Trades Int'l Pension Fund v. Credit Suisse Secs. (USA) LLC*, 752 F.3d 82, 89 (1st Cir. 2014), presents a key comparison to the current case regarding the

inadmissibility of Scott Hakala's expert testimony. In *Bricklayers*, the court identified significant methodological flaws in Hakala's testimony that are present here as well: "quite simply, Hakala's theory does not match the facts." Similarly, in the present case, Hakala's speculative assumptions and fabricated data lack empirical support. Under *Daubert* and Rule 702, Hakala's testimony should be excluded due to similar deficiencies.

    **F. The application of Rule 403 supports the exclusion of Hakala's testimony.**

Even if admissible under Rule 702, Hakala's testimony should be excluded under Rule 403. His speculative assumptions and flawed data risk misleading the Court and prejudicing the parties, outweighing any probative value.

## CONCLUSION

For all of the foregoing reasons, Defendant Bally's Corporation respectfully request the Court enter an Order excluding from trial Scott Hakala's expert report, testimony, and opinions.

    Respectfully submitted,

    */s/ Blake A. Bailey*
    **BLAKE A. BAILEY**
    State Bar No. 01514700
    **PHELPS DUNBAR LLP**
    2102 E. State Hwy. 114, Suite 207
    Southlake, Texas 76092-7626
    blake.bailey@phelps.com
    (817) 305-0332 (phone)
    (817) 488-3214 (facsimile)
    **ATTORNEY FOR DEFENDANT**
    **BALLY'S CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this 12th day of March, 2025, a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

    */s/ Blake A. Bailey*
    Blake A. Bailey