**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **EFD SPORTS, LLC** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 4:24-CV-87-SDJ** |
| | § | |
| **BALLY'S CORPORATION** | § | |

**RENEWED MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff in the above entitled and numbered cause of action and files its Renewed Motion for Leave to File Plaintiff's Second Amended Complaint, and would respectfully show unto the Court as follows:

**I. RENEWED MOTION FOR LEAVE**

1.1     On May 15, 2026, the Court issued Memorandum Opinion and Order denying leave for Plaintiff to file their Third Amended Complaint which included adding parties within the deadline to do so in the then operable scheduling order.

1.2     In doing so, the Court also found that Plaintiff's Motion for Leave to File its Second Amended Complaint filed on April 29, 2024, was moot.

1.3     Plaintiff sought leave on April 29, 2024, to file its Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  The Motion for Leave filed on April 29, 2024, was filed within twenty-one (21) days of Defendant's Motion to Dismiss based on Rule 12(b)(6).

1.4     On April 30, 2024 (one day after filing the Motion for Leave), the docket reflected at Document 19 that the Second Amendment Complaint was filed and received its own file stamp and docket number. (Dkt 19). Plaintiff did not file the Second Amended Complaint as Docket entry 19 as that was presumably filed by Court staff. Plaintiff submitted the Amendment as an Exhibit to its Motion filed on April 29, 2024.

1.5     With no word from the Court as to the Motion for Leave filed on April 29, 2024, and with a pending deadline of July 10, 2024, to add additional parties, Plaintiff sought leave to file its Third Amended Complaint to add parties on July 10, 2024, not intending that the Second Amended Complaint was moot, but believing that leave was granted with the filing of the Second Amended on April 30, 2024, one day after the filing of the Motion for Leave dated April 29, 2024, wherein the Second Amendment was attached to the Motion.

1.6     It is this counsel's experience that a Motion for Leave is often granted simply by the Court filing the amendment with the Court and assigning a file stamp and counsel had assumed that was the case as over two months had expired since the Motion for Leave was filed with no response from the Court.

1.7     Plaintiff raised this issue in its Document 30, its Reply to Defendant's Response to File Motion for Leave to File Plaintiff's Third Amended Complaint on August 6, 2024, evidencing that Plaintiff did not intend to moot the Motion for Leave but rightly or wrongly believing it had been filed as a matter of course after the filing for Leave.

1.8     Over a year passed with no new information from the Court with multiple requests for extensions of time for new scheduling orders given the procedural status of the case. The Court conducted a status conference on September 18, 2025, at the request of the parties given the unclear nature of the status of the proceeding and given no rulings on the previous

motions and expressing the need to conduct discovery.  It was not clear at that status conference what was being considered by the Court, but Plaintiff did raise the issue that it had the understanding that the Second Amended Complaint was on file given it had been filed by the Court one day after the Motion for Leave was filed, given the Motion for Leave was in response to a Rule 12(b)(6) challenge to the First Amended Complaint.

1.9     On December 12, 2025, Plaintiff filed additional supplemental evidence supporting its claims at Docket entry 56, including the fraud claims and the fact that Defendant was in fact using Plaintiff's technology.  This was also stricken given it related to the Motion for Leave to file the Third Amended Petition.

1.10    Defendant removed this case to Federal Court.  In Order to bring the pleadings into conformity with the initial pleading requirements in Federal Court and for the efficiencies of the Court, on February 24, 2024, this Court ordered the Parties to plead as if the parties initially plead the case in Federal Court via an Amended Complaint along with Defendant's Answer within the time for filing same thereafter.

1.11    The Court also noted that no pre-removal Motions would be considered before the Court and would need to be re-asserted.

1.12    Therefore, Plaintiff's counsel took the position that the Order intended to reset the pleadings as if they were first filed in Federal Court in this case, including requiring the refiling of any defensive motions filed prior to removal.

1.13    Plaintiff filed its First Amended Petition as directed by the Order.  Defendant followed with its Answer and Motion to Dismiss pursuant to Rule 12(b)(6).

1.14    Plaintiff intended to comply with Federal Rule 15(a)(1)(B) in filing its Second Amended Petition within twenty-one days of Defendant's initial Answer and Motion to Dismiss

pursuant to Rule 12(b)(6), and filed for Leave as directed by the Court.  Plaintiff followed by also timely filing its Response to Defendant's Motion to Dismiss.

1.15    Plaintiff requested Leave if the Second Amended Petition was improper without leave that Plaintiff.  The Court has now ruled the Motion for Leave moot, not denied.

1.16    Plaintiff now seeks to renew its Motion for Leave to file its Second Amended Complaint in order to reset this matter on even footing given that Defendant apparently still seeks dismissal of this case based on the First Amended Petition.

1.17    There is currently no scheduling order in place.  Plaintiff has not unduly delayed, and is not acting in bad faith, as this motion is brought within 14 days of the Order considering the first filed, and timely motion, as moot.  Defendant will not agree to depositions as its position is that its Motion to Dismiss the First Amended Complaint is ripe for decision.  Plaintiff seeks a right to present its case on the facts and not be frustrated by procedural device or mistake as it may be.  It has been over two years from the filing of the Motion for Leave to file the Second Amended Complaint.  Plaintiff has not been allowed to conduct depositions, and the order considering that motion moot was issued two May 15, 2026.

1.18    Attached hereto as an Exhibit is Plaintiff's Second Amended Complaint.

1.19    The Court should freely give leave when justice so requires.  Defendant is not prejudiced by the filing given the procedural history of this case.

1.20    Plaintiff's Second Amended Petition provides additional detail supporting the facts to provide a clear record and survive any attack on the sufficiency of the pleadings to provide Defendant with notice of the claims against it.

1.21    Plaintiff requests that the Court grant Plaintiff leave to file the Second Amended Complaint.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that the Court find that justice so requires this Court to GRANT Plaintiff's Renewed Motion for Leave to file Plaintiff's Second Amended Complaint and direct the filing of same.

Respectfully submitted,

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.
Texas State Bar No. 24025466
dkaiser@attorneysforbusiness.com


**KAISER LEGAL SOLUTIONS, PLLC**
5440 Harvest Hill Road
Suite 201
Dallas, Texas 75203
(214) 441-3000
(214) 441-3001 (fax)

**COUNSEL FOR PLAINTIFF**


**CERTIFICATE OF CONFERENCE**

On May 28, 2026, Plaintiff conferred with counsel for Defendant via email.  Counsel for Defendant indicated that Defendant did not agree to the Motion for Leave to File the Second Amended Complaint and further stated it would not agree to a scheduling order or depositions until the Court rules on the motion to dismiss.

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.


**CERTIFICATE OF SERVICE**

This is to certify that, on May 28, 2026, a true and correct copy of this document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/Donald M. Kaiser Jr.*
Donald M. Kaiser Jr.